**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**COUNTRY CREDIT, LLC**                                       **PLAINTIFF-APPELLANT**

**V.**                                              **CAUSE NO. 3:14-CV-709-CWR-LRA**

**BOBBIE J. MARTIN**                                           **DEFENDANT-APPELLEE**

## ORDER

Before the Court is Country Credit's appeal to reverse the Bankruptcy Court's Memorandum Opinion and Order issued on July 10, 2014.  Docket Nos. 3 and 1-1.  Bobbie Martin ("Martin") responded with his brief to affirm the Opinion and Order.  Docket No. 6. Country Credit submitted its reply brief.  Docket No. 7.[1]  This Court has jurisdiction to hear bankruptcy appeals as provided by 28 U.S.C. § 158.

## FACTS

Country Credit appeals the decision of the Bankruptcy Court wherein it concluded that Martin's indebtedness to Country Credit was dischargeable.  Before the Bankruptcy Court Country Credit argued that Marin made material misrepresentations and omissions to Country Credit within the meaning of 11 U.S.C. § 523(a)(2)(A) or (B) which rendered the indebtedness nondischargeable. Docket No. 3.  The misrepresentations and omission concerned whether Martin had truthfully disclosed the number of dependents he had and the amount of child support obligations he was paying. *Id.*  He did not disclose this information during his telephone interview when he initially applied for the loan or in any of the follow-up documents he completed, Country Credit argues. *Id.*  The Bankruptcy Court held a trial and received evidence

---

[1] Also before the Court is Country Credit's Motion for Reconsideration of this Court's earlier order granting Martin an extension of time in which to file his brief.  Docket No. 5.  The Court denies that motion.

and the testimony of the debtor and other witnesses.  The parties also submitted post-trial briefs which the court also considered.  After considering the testimony and arguments of counsel, the court rejected Country Credit's arguments and determined that the debt was dischargeable. Docket No. 1-1. Country Credit appeals that decision.

## STANDARD OF REVIEW

Findings of fact by bankruptcy courts are reviewed under the clearly erroneous standard and conclusions of law are reviewed *de novo*. *In re Chestnut*, 422 F.3d 298, 301 (5th Cir. 2005).

"The interpretation of a contract—including whether the contract is ambiguous—is a question of law, which [is] review[ed] *de novo*.  If a contract is ambiguous, the . . . findings of fact as to the intent of the parties are reviewed for clear error." *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013) (citation omitted).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

> If the [factfinder]'s account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Dalton v. Cellular South, Inc.*, No. 1:13-CV-107-SA, 2014 WL 1091155, at *4 (N.D. Miss. Mar. 19, 2014) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985)).

## DISCUSSION

### Interpretation of "Dependent"

Country Credit alleges that the Bankruptcy Court failed to use applicable contract-construction rules when interpreting the term "dependent" outside of its ordinary meaning

Docket No. 3.[2]  The Bankruptcy Court found that the term "dependent" in Country Credit's application, and the  application itself, as a whole, were ambiguous. Docket No. 1-1.  Because the application's ambiguity was partially responsible for the alleged misrepresentations, the Bankruptcy Court found that Martin did not intend to deceive Country Credit.  *See First Mutual Sales Finance v. Cacciatori (In re Cacciatori)*, 465 B.R. 545, 555 (Bankr. C.D. Cal. 2012) (finding that the debtor did not commit fraud because the credit application form was partially responsible for the purported misrepresentation).

In bankruptcy proceedings, courts of appeals look to state law to decide contract issues. *In re Eldercare Props. Ltd.*, 568 F.3d 506, 515 (5th Cir. 2009) (citations and brackets omitted). According to Mississippi Law, ambiguity is defined as a susceptibility to two reasonable interpretations. *Dalton v. Cellular South, Inc.* 20 So.3d 1227, 1232 (Miss. 2009) (citations and quotations marks omitted).  A contract is ambiguous, when read as a whole, if it is capable of more than one reasonable interpretation.  *Id.*  Resolution of uncertainties in ambiguous contracts is construed against the drafter.  *Id.*  Having reviewed the record, the Court finds that the Bankruptcy Court did not err as a matter of law.

Country Credit asserts that the ordinary meaning of "dependent," as defined by the Oxford American Dictionary & Thesaurus is "a person who relies on another, esp. for financial support."  Docket No. 3, at 18.  There are, however, several other ordinary dictionary definitions that give "dependent" more than one reasonable interpretation.  One could, for example reasonably interpret "dependent" as "one not able to exist or sustain oneself without the power or aid of someone else.."  Black's Law Dictionary 531 (10th ed. 2014).  This reasonable

---

[2] Before the Bankruptcy Court, Country Credit argued that Martin misrepresented the number of dependents he had. On the application, he indicated he had none, when in fact, he had six.  Country Credit contends that it would not have approved the loan had Martin been truthful on the application.  Docket No. 3, at 7.  Moreover, Country Credit pointed out that Martin contradicted himself by listing six dependents  on his Schedule while at the same time asserting in his application  that he had no dependents.  *Id.*

interpretation would not automatically lead to a belief that one who pays child support has a child(ren) who is not able to exist or be sustained without such support.  Children exist and are sustained everyday even though their non-custodial parents do not pay child support.

Country Credit takes special issue with the Bankruptcy Court's decision to consider taxes as one way by which a person could reasonably consider the meaning of "dependent."  It argues that "tax law" is not a source of ordinary meaning, instead preferring a dictionary definition.  Docket No. 3, at 18.  But even dictionary definitions link taxes and dependents: Webster's Third New International Dictionary, for instance, uses the example "a man taxed according to the number of [dependents] he has."  Webster's Third New International Dictionary Unabridged 604 (Meriam-Webster 1993).  One need not go beyond the dictionary to see that this word has more than one ordinary use. Moreover, the Bankruptcy Court read Country Credit's application as a whole and concluded that there existed a " myriad of the issues" regarding Country Credit's loan documents which made the question of Martin's intent a close call.  Docket No. 1-1, at 19.  Thus, the Bankruptcy Court did not err as a matter of law.

**Martin's Intent**

The Bankruptcy Court also held that the debt owed to Country Credit by Martin was not nondischargeable under 11 U.S.C. § 523(a)(2)(B) because Country Credit did not meet its burden to show that Martin made a written misrepresentation to obtain the loan.  Docket No. 1-1

To establish that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(B), Country Credit had to prove, by the preponderance of the evidence, that: (1) a written statement existed; (2) the writing was materially false; (3) the writing concerned Martin's financial condition; (4) Country Credit reasonably relied on the statement when it approved the loan; and (5) Martin made or published the statement with the intent to deceive Country Credit.  *Norris v. First Nat'l*

*Bank (In re Norris),* 70 F.3d 27, 29 (5th Cir. 1995).  Country Credit met its burden of proof on every element with exception of the fifth.  Docket No. 1-1.

An intent to deceive can be inferred from "reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation." *Id.* at 30 n.12 (citation omitted).  An unreasonable honest belief that a representation is true, however, does not rise to the level of an intent to deceive. *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005) (citation omitted).  Having reviewed the record, the Court finds that the Bankruptcy Court did not clearly err in concluding that Martin did not intend to deceive Country Credit.  Moreover, the findings were supported by substantial evidence.

First, Martin did not make a misrepresentation when he declared on Country Credit's application that he did not have any dependents.  Martin's children did not reside with him, and this information was consistent with information Martin provided in his tax returns the year before and the year after his credit application with Country Credit.  Docket No. 1-1, at 7.

Second, the fact that Martin presented Country Credit with a check stub that did not reflect child support deductions did not prove that Martin acted with the intent to deceive or with reckless disregard.  Martin merely complied with Country Credit's request for his most recent check stub by presenting the stub he had received five days before he signed the credit application.  *Id.* at 13.  Nothing prevented Country Credit from requesting additional check stubs.

Third, vague and ambiguous credit applications leave the door open to a wide range of possible truthful answers. *In re Cacciatori*, 465 B.R. at 545.  When the question of dischargeability is a close call, courts generally deem the debt dischargeable.  *Fraser v. Fraser*, 196 B.R. 371, 374 (E.D. Tex. 1996) (citation omitted).  As determined by the Bankruptcy Court, Country Credit's application is vague and confusing, and makes the question of Martin's intent

to deceive or act with reckless disregard a close call. Docket No. 1-1, at 19.  The Bankruptcy Court noted that every mention of "child support" is preceded by the qualifying terms "family financial issues" or "debt" instead of simply asking, "Do you pay child support?"  *Id.* at 18. Further, Country Credit's employee testified that the question concerning taxes as debt refers to taxes that are not payroll deducted. Docket No. 1-6, at 29.  Because Martin's child support payments were garnished from his pay check each month, he could have reasonably believed that his child support was not "debt,"  even though he had incurred child support arrearage. The Bankruptcy Court, therefore, did not clearly err in concluding that Martin did not act with the intent to deceive or with reckless disregard for the truth when he affirmed that he had listed all of his debts in the application.

The ambiguity and confusion in Country Credit's application continues in the Addendum by asking whether an applicant has any "family financial issues such as child support." Docket No. 1-6, at 41.  It is reasonable to believe that this question suggests a problem related to child support, not just an obligation to pay child support.  Martin was making ongoing child support payments from his pay check each month, thus he did not act with the intent to deceive or with reckless disregard for the truth when he answered that he did not have any family financial issues related to child support.

Furthermore, Country Credit's ambiguous approval process discredits the contention that Martin possessed the requisite intent to deceive Country Credit when he went into the office to sign the loan documents.  Docket No. 1-1, at 19.  Prior to Martin signing the loan documents, a Country Credit employee told Martin over the telephone that his loan had been approved. Docket No. 1-6, at 61. Country Credit asserts that the approval was conditional. *Id.* at 32.  Martin,

however, reasonably believed the loan was approved, and that the signing of the loan documents was a formality to receive the funds.

## **CONCLUSION**

Having reviewed the Bankruptcy Court's findings of facts and its conclusions of law under the appropriate standards, this Court affirms the decision of the Bankruptcy Court.

A separate Final Judgment will be issued this day.

**SO ORDERED**,  this the 23rd day of September, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE